CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 07 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

OPHELIA AZRIEL DE'LONTA,
    Plaintiff,

v.

GENE JOHNSON, et al.,
    Defendant(s).

Civil Action No. 7:11-cv-00257

**O R D E R**

By:   Hon. James C. Turk
Senior United States District Judge

    Plaintiff has filed a civil rights action pursuant to 42 U.S.C. §1983 with jurisdiction vested in 28 U.S.C. §1343. As plaintiff has not prepaid the filing fee, the court shall consider plaintiff's eligibility to proceed in forma pauperis. Inasmuch as the complaint and attachments do not conform to all requirements for in forma pauperis prisoner civil rights actions as promulgated under 28 U.S.C. §1915(a), as amended, it is now

**O R D E R E D**

as follows:

(1)    The complaint shall be conditionally filed pending satisfaction of the requirements set forth herein.

(2)    The plaintiff shall be assessed a filing fee of $350.00 pursuant to 28 U.S.C. §1915(b).

(3)    Plaintiff is hereby **GRANTED** the opportunity to proceed in forma pauperis to the extent that the court shall not require plaintiff to prepay the $350.00 filing fee at this time. In order for the court to determine whether plaintiff shall be allowed to pay the fee in installments, pursuant to the requirements of 28 U.S.C. §1915(a)(2), and to determine the schedule for payment of the filing fee, plaintiff shall submit a statement of assets and a certified copy of plaintiff's trust fund account statement for the six month period immediately preceding the filing of the complaint, obtained from the appropriate prison official of each prison at which the plaintiff is or was confined. See enclosed account

report form.  FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN FIFTEEN (15) DAYS SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.

(4) Pursuant to 42 U.S.C. §1997e(a), as amended, the court shall not file this case until the plaintiff has exhausted such administrative remedies as are available at the jail, prison, or other correctional facility at which plaintiff is confined.  Accordingly, plaintiff must (a) execute and submit the enclosed verification form and (b) submit accompanying documentation demonstrating that plaintiff has either exhausted the available remedies as to each of the claims raised in the complaint[1], or plaintiff must document that such remedies do not exist at the present place of confinement or are not available to plaintiff at the present time.  FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED DOCUMENTATION WITHIN FIFTEEN (15) DAYS SHALL RESULT IN DISMISSAL OF PART OR ALL OF THIS ACTION WITHOUT PREJUDICE.  If plaintiff has not completed exhaustion of all administrative remedies available, plaintiff may request voluntary dismissal, or wait for automatic dismissal at the end of fifteen (15) days.  Plaintiff may then refile the case if exhaustion is not successful.

(5) Plaintiff is advised that pursuant to federal law, a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.  See 28 U.S.C. §1915(g).  Plaintiff is advised that if plaintiff has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit plaintiff's ability to file new cases

---

[1] Plaintiff need not submit more copies of grievances already attached to the complaint.

without full prepayment of the $350.00 filing fee. If plaintiff has any other actions currently pending before the Court, plaintiff is advised that if any such case is dismissed for the reasons stated above, it will also be deemed as one of the three dismissals. **If plaintiff believes that this case, or any other pending case, may be dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, plaintiff may file a motion for voluntary dismissal of such case(s) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.**

(6)   Plaintiff shall notify the Court immediately upon plaintiff's transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

(7)   Parties are advised that pursuant to Standing Order of Court entered May 11, 2011, all prisoner cases and habeas corpus cases will be docketed in the Roanoke Division of this Court for administrative reasons. (See Appendix.)

(8)   Plaintiff must include the above referenced case number in any document that he submits to the court related to this action. Plaintiff's submissions must be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to plaintiff without being entered by the court.

For reasons stated above, this complaint will be conditionally filed and will be maintained on the active docket to give the plaintiff the opportunity to comply with the conditions noted herein.

The Clerk is directed to send a certified copy of this order to the plaintiff.

ENTER:   This 7th day of June, 2011.

                                                      /s/ James C. Turk
                                            Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

IN RE:   HANDLING OF PRISONER CASES AND CUSTODY OF PRISONERS

**INTERIM STANDING ORDER NO. 2011-3**

(a) **Additional Procedures for Pro Se Prisoner Civil Rights Cases.** In order to reduce the costs and expenses borne by the Court and by the parties in the litigation of pro se prisoner civil rights cases and petitions for writs of habeas corpus, special procedures are established in this district for the processing such cases. Accordingly, the Court may direct a party or parties in a prisoner civil rights case to file a motion for summary judgment supported by affidavits. Failure to comply with such an order in an appropriate case may result in the imposition of sanctions including but not limited to motion preclusion at trial.

(b) **Filing and Processing Pro Se Prisoner Civil Rights Cases and Petitions for Writs of Habeas Corpus.** In order to facilitate the establishment of a unified system for processing and disposing of pro se prisoner civil rights cases and petitions for writs of habeas corpus, all such cases shall be received and processed in the Roanoke Division and assigned a Roanoke Division docket number. For purposes of this Rule, the terms pro se "prisoner civil rights cases" and "petitions for writs of habeas corpus" are deemed to include the following: (1) civil rights complaints filed pursuant to 42 U.S.C. § 1983; (2) civil rights complaints filed pursuant to 28 U.S.C. § 1331 (Bivens actions); (3) habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 (federal habeas); (4) habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 (state habeas); (5) habeas corpus petitions filed pursuant to 28 U.S.C. § 2255 (federal habeas); and (6) Federal Tort Claims Act actions filed pursuant to 28 U.S.c. §§ 2671-2680. However, to the extent practicable,

courtroom proceedings in these cases will be conducted in the division of court where the case arose. All non-dispositive motions in all such cases are referred to the United States magistrate judge sitting in the Roanoke Division pursuant to 28 U.S.C. § 636(b)(1)(A). However, at the present time, pending the selection and appointment of a United States magistrate judge for the Roanoke Division, such motions shall be handled in the manner prescribed by the United States district judge to whom the case is assigned.

(c) **Transportation of Prisoner-Witnesses by Law Enforcement Agents.** All federal law enforcement agents, including deputized federal task force officers, with the concurrence of the United States Marshals Service, are authorized to transport prisoner-witnesses to and from the United States Marshals Service holding cells within the Western District of Virginia for interview by the United States Attorney's Attorney, or his designee, as needed, and to take the prisoner-witness to the office of the federal agents having this temporary custody of the prisoner-witness for the interview. The federal law enforcement agents who are moving the prisoner-witnesses must remain with the prisoner-witnesses at all times until the prisoner-witnesses are returned to the custody of the United States Marshal. The United States Attorney's Office must give proper advanced notice to the United States Marshals Service so that the prisoner will be available in the holding cell. The law enforcement agents taking custody of the prisonerwitnesses will sign a receipt at the time of taking custody of the prisoner-witness from the United States Marshals Service. At no time will the leg restraints be removed from the prisoner outside of the holding cells. A minimum of two law enforcement agents, one of whom must be a federal law enforcement agent or deputized federal task force officer, must accompany each prisoner at all times.

(d) **Temporary Custody of Inmates by U.S. Marshal.** The United States Marshal for the Western District of Virginia must, upon receipt of an appropriate order from a circuit

court of the Commonwealth of Virginia, entered pursuant to the Agreement of Temporary Custody dated November 10, 1975, by and between the Attorney General of Virginia and the United States Attorney for the Western District of Virginia, approved by this Court on December 19, 1975, and the purposes stated therein, temporarily relinquish federal custody of named individuals to appropriate officials of the Commonwealth of Virginia.

This interim standing order supersedes all other prior standing orders pertaining to the handling of prisoner civil rights cases and all petitions for writs of habeas corpus cases. Accordingly, this court's Standing Order No. 2010-5 dated March 11, 2010 is rescinded.

It is so **ORDERED.**

For the Court:

ENTER: May 17, 2011

/s Glenn Conrad
Chief United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

OPHELIA AZRIEL DE'LONTA

v.                                                  Civil Action No. 7:11-cv-00257

GENE JOHNSON, <u>et al.</u>

INMATE ACCOUNT REPORT
OPHELIA AZRIEL DE'LONTA - 1014174

DATE OF INQUIRY                                     _____

Balance at time of inquiry                          _____

Current rate of pay                                 _____

Total Deposits for six months prior to May 2011     Month       Amount

                                                    _____       _____
                                                    _____       _____
                                                    _____       _____
                                                    _____       _____
                                                    _____       _____
                                                    _____       _____

AVERAGE MONTHLY DEPOSITS                            _____

Account Balance on Last Day of Month                Month       Amount
for six months prior to May 2011

                                                    _____       _____
                                                    _____       _____
                                                    _____       _____
                                                    _____       _____
                                                    _____       _____
                                                    _____       _____

AVERAGE MONTHLY BALANCE                             _____

*(To be completed and signed by trust account officer)*
I have attached certified copies of the inmate's ledger cards, and maintain said records in the regular and ordinary course of business.

DATED:_____ SIGNATURE:_____ TITLE:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**OPHELIA AZRIEL DE'LONTA,**
    Plaintiff,                              Civil Action No. 7:11-cv-00257

v.

**GENE JOHNSON, et al.,**
    Defendant(s).                         **VERIFIED STATEMENT**

      I have been advised of the requirements regarding exhaustion of administrative remedies as outlined in 42 U.S.C. 1997e and now submit this verified statement.

(Choose only one):

_____   Prior to filing my § 1983 petition, I exhausted my administrative remedies as to each of the claims raised in my complaint by appealing my claims to the highest available level of the administrative remedies procedures. ***Copies of the record of the proceedings are attached to this statement.***

_____   Prior to filing my § 1983 petition, I attempted to exhaust my administrative remedies but my grievance was rejected as untimely. I have appealed that determination to the highest level available before filing my § 1983 petition. ***I have attached documentation verifying my attempts to exhaust administrative remedies.***

_____   There are no administrative remedies available to me at this time, either because the issue I raise is nongrievable, or because there is no grievance procedure at the correctional facility at which I am confined. I have attached documentation verifying my attempts to exhaust administrative remedies.

_____   This cause of action arose at _____, and I am now being housed at another facility, _____. Therefore, I do not believe I have administrative remedies available at this time.*

      I affirm that I am the plaintiff in this action and I know the content of the above statement; that it is true of my own knowledge, except as to those matters that are stated in it to be based on my own information and belief; and to those matters, I also believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

_____                                       _____
DATE                                                                  SIGNATURE OF AFFIANT

---

*An inmate who has been transferred from one V.D.O.C. facility to another V.D.O.C. facility may file grievances where the cause of action arose.

*All prisoners will now be required to pay a full filing fee of $350.00. Prisoners seeking to proceed in forma pauperis (without the prepayment of fees) are now required to submit with their complaints, a certified copy of their trust fund account statement for the prior six month period. 28 USC §1915 as amended.*

_____
(Petitioner/Plaintiff)

STATEMENT OF ASSETS

vs.

_____
(Respondent/Defendant)

I, _____, declare that I am the petitioner in the above-styled proceeding; that in support of my request to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding, or give security therefor; that I believe I am entitled to relief.

In support of my in forma pauperis application, I answer the following questions:

1. Are you presently employed? _____Yes _____No

    If yes, what is your monthly income? _____

    If no, state the date of your last employment._____

2. Have you received any money in the last twelve months from the following sources?
    Business, Profession, Self-Employment:   _____Yes   _____No
    Rent Payments, Interest or Dividends:    _____Yes   _____No
    Pensions, Annuities or Life Insurance:   _____Yes   _____No
    Gifts or Inheritances:                   _____Yes   _____No
    Any Other Sources:                       _____Yes   _____No

    **If the answer to any of the above is Yes, please state the source and amount of each received during the past year.**

3. Do you own any cash, or have any money on hand - Include any funds held in Prison Accounts or private bank accounts.

    _____Yes   _____No   If Yes, State the Value  _____

4. Do you own any real estate, stocks, bond, notes, automobiles or other valuable property - (excluding clothing and ordinary household furnishings)?

    _____Yes   _____No   If Yes, State the Value  _____

5. List the persons who are dependent upon you for support. State your relationship to same and indicate how much you contribute toward their support.

**I declare under penalty of perjury that the foregoing is true and correct and have attached a certified copy of my inmate trust fund account statement for the last six months in support of this request to proceed without the payment of fees.**

DATED: _____ SIGNED: _____