IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

**Roanoke Division**

| | | |
|---|---|---|
| **OPHELIA AZRIEL DE'LONTA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:11cv00257** |
| | ) | |
| **GENE JOHNSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Harold W. Clarke, Fred Schilling, Denise Malone, Meredith R. Cary, Larry Edmonds, Major C. Davis, Lisa Lang, and Jeena Porterfield, by counsel, and state as follows their Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint[1]:

1.      Paragraph 1 states a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations of deliberately indifferent denial of adequate medical treatment to Plaintiff, in ongoing violation of Plaintiff's civil rights and the terms of a 2004 settlement agreement resolving a prior action over the same subject matter.

2.      Plaintiff is in the custody of Harold W. Clarke, Director of the Virginia Department of Corrections ("VDOC") at a VDOC facility serving sentences for criminal convictions in the Commonwealth of Virginia.

---

[1] Plaintiff's First Amended Complaint supersedes the original Complaint and is now the operative complaint in this case.  As such, defendants Gene Johnson, Gary Bass, W. P. Rogers, Gerald Washington, Eddie Pearson, Anthony Scott, Robin Hulbert, S. Toney and Lou Dixon, who are not named in Plaintiff's First Amended Complaint, should be terminated from this action.

3.      Defendants admit that Plaintiff is a pre-operative transsexual who has been diagnosed with Gender Identity Disorder ("GID") but lack sufficient information and knowledge to admit or deny the remaining allegations in paragraph 3.

4.      Defendants admit that Plaintiff has been diagnosed with GID.  Defendants state that the Settlement Agreement speaks for itself.  Defendants deny the allegations in paragraph 4 that they consistently refused to provide medically necessary treatment and that they have failed to have Plaintiff evaluated by a medical expert with competency in the field of GID treatment and sexual reassignment surgery ("SRS").  Defendants deny that SRS has been medically indicated for Plaintiff by a medical expert with competency in the field of GID treatment.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants admit the allegations in paragraph 6.

7.      Defendants admit that Harold W. Clarke is the VDOC Director but lack sufficient information and knowledge to admit or deny the remaining allegations in paragraph 7 as Defendants do not know what Plaintiff means by "chief policy maker."

8.      Defendants admit the allegations in paragraph 8.

9.      Defendants admit that Denise Malone is the Mental Health Services Director for VDOC.

10.      Defendants admit that Meredith R. Cary is the Psychiatric Services Director for VDOC.

11.      Defendants admit the allegations in paragraph 11.

12.      Defendants admit the allegations in paragraph 12.

13.      Defendants admit the allegations in paragraph 13.

14.      Defendants admit the allegations in paragraph 14.

15.     Defendants admit that Plaintiff is suing them in their official capacities and Harold Clarke also in his individual capacity.

16.     Paragraph 16 states a legal conclusion to which no response is required.

17.     Paragraph 17 states a legal conclusion to which no response is required.

18.     Defendants admit that Plaintiff has been in VDOC custody since 1983, is serving a total sentence of 78 years and 6 months for several convictions in the Commonwealth of Virginia, including robbery, and is currently incarcerated at the Buckingham Correctional Center under the custodial supervision of its warden.

19.     Defendants admit that Plaintiff is a pre-operative transgender female who has been diagnosed with GID.  Defendants admit the remaining allegations in paragraph 19 only to the extent consistent with or supported by Plaintiff's VDOC health records.  Any and all allegations inconsistent with or unsupported by Plaintiff's VDOC health records are hereby denied.

20.     Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 20.

21.     Defendants lack sufficient information and knowledge to admit or deny the first sentence in paragraph 21.  Concerning the remaining allegations in paragraph 21, Defendants aver that the Standards of Care speak for themselves.

22.     Concerning the allegations in paragraph 22, Defendants aver that the Standards of Care speak for themselves.

23.     Defendants admit the allegations in paragraph 23 only to the extent consistent with or supported by Plaintiff's VDOC health records.  Any and all allegations inconsistent with or unsupported by Plaintiff's VDOC health records are hereby denied.

24.     Concerning the allegations in paragraph 24, Defendants aver that the September 19, 1995, memo from former VDOC Chief Physician M. Vernon Smith speaks for itself.

25.     Defendants admit the allegations in paragraph 25 concerning Plaintiff's hormone treatment, physical, mental or emotional condition, and self-mutilation only to the extent consistent with or supported by Plaintiff's VDOC health records.  Any and all allegations inconsistent with or unsupported by Plaintiff's VDOC health records are hereby denied.  Defendants deny the remaining allegations in paragraph 25.

26.     Defendants admit the allegations in paragraph 26.

27.     Defendants admit the allegations in paragraph 27 except that they deny that the court made any "finding."

28.     Defendants admit the first sentence of paragraph 28.   Concerning the remaining allegations in paragraph 28, the Settlement Agreement speaks for itself.

29.     Concerning the allegations in paragraph 29, the Settlement Agreement speaks for itself.

30.     Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 30.

31.     Concerning the allegations in paragraph 31, Defendants admit that VDOC received a letter dated July 7, 2005, from Dr. Brantley outlining what VDOC "may regard as an initial treatment plan [for Plaintiff] if they choose to do so."  Defendants admit the remaining allegations except that they lack sufficient information and knowledge to admit or deny whether Dr. Brantley "[relied] on what are now known as the WPATH Standards of Care[.]"

32.     Defendants admit the allegations in paragraph 32.

33.     Defendants admit that Dr. Codispoti interviewed Plaintiff twice in 2006, reviewed Plaintiff's institutional and medical records, and issued a Psychiatric Transgender Evaluation report on January 15, 2007.  Defendants admit that Dr. Codispoti's report indicates that she evaluated Plaintiff as having GID and recommended that Plaintiff "follow standards of care for gender identity disorders as described in the Harry Benjamin International Gender Dysphoria Association Handbook."  Defendants admit the third sentence in paragraph 33.  Concerning the last sentence in paragraph 33, Defendants state that Dr. Codispoti wrote, "In view of the prison environment, the inmate's ability to live and work as a female is somewhat limited; however, every effort should be made to allow this inmate to behave in a more female role, or engage in female-like behaviors (kitchen duty, baking, sewing)[.]"

34.     Defendants aver that VDOC has provided Plaintiff with adequate treatment for her GID.  Defendants state that since Plaintiff's meetings with Dr. Codispoti in 2006, Plaintiff has not received an evaluation from a medical expert with competency in the field of GID treatment to determine her eligibility and readiness for SRS.  Defendants deny that the Settlement Agreement requires VDOC to advise Plaintiff's counsel that it has substituted another GID specialist for Dr. Codispoti.

35.     Defendants admit that VDOC has allowed Plaintiff to dress and live as a woman to the extent permitted in a prison environment.  Defendants admit that VDOC has established a 12-month behavioral plan for Plaintiff "to target a decrease in the occurrence of suicidal and/or self-harm/self-mutilation ideation, and the elimination of any intent and/or specific act of self-harm/self-mutilation[.]"  The plan provides that "[a]t the end of a six-month period, with no incidents of self-harm/self-mutilation, additional currently approved feminizing items may be ordered."  Plaintiff agreed to the plan.  Defendants deny the remaining allegations in paragraph 35.

36.     Defendants deny the first sentence in paragraph 36.  Defendants state that the WPATH Standards of Care speak for themselves.  Defendants state that since Plaintiff's meetings with Dr. Codispoti in 2006, Plaintiff has not received an evaluation from a medical expert with competency in the field of GID treatment to determine her eligibility and readiness for SRS. Defendants state that the Settlement Agreement speaks for itself.  Defendants admit that Plaintiff has had more than twelve months of real-life experience living as a woman to the extent permitted in a prison environment but deny that she has consistently followed her counseling and hormone treatment therapy that has been offered to her.

37.     Defendants admit that Plaintiff has written numerous grievances concerning her VDOC medical care.  Defendants state that Plaintiff submitted an informal complaint on July 31, 2008, at Powhatan Correctional Center stating "I was advised by my psychologist that the state nor VADOC will pay for my evaluation for sex change reassignment.  Being diagno[]sed with Gender Identity Disorder it is medically necessary for me to be evaluated for surgery.  Why is VADOC refusing to provide me with the evaluation[?]"  On August 11, 2008, J. Porterfield responded to Plaintiff's informal complaint stating "Ms. Delonta - Per our discussion, DOC does not provide gender reassignment surgery evals because the state will not incur the cost of the surgery.  We can, however, discuss options for you to have an eval done by a psychologist/psychiatrist you hire." Defendants state that Plaintiff filed a regular grievance on August 25, 2008, requesting that "I want what is medically necessary requiring of my medical[] condition, evaluation, and Sex-reassignment."  The grievance was not logged for intake due to an expired filing period.  Plaintiff submitted the grievance to the Regional Ombudsman for a review of the intake decision.  On September 4, 2008, the Regional Ombudsman notified Plaintiff by memorandum that the grievance was being returned to her because of an expired filing period.  The Ombudsman also noted that

6

"According to information received from PCC, you were advised in 2007 that DOC would not pay for gender reassignment surgery."

    38.    Defendants admit that on June 21, 2010, Plaintiff filed an informal complaint in which she stated "On June 10th, 2010, I sent a request to psychologist L. Lang requesting sexually reassignment surgery. She informed me to write Dr. Carey, Chief psychiatrist at Atmore, so I wrote June 14th [20]10. I have not received a response from Dr. Carey. Therefore I am being denied reassignment surgery which is required for the condition I suffer from Gender Identity Disorder." On June 25, 2010, L. Lang responded to Plaintiff's informal complaint stating "Dr. Cary is in receipt of your correspondence, and will provide a response." Defendants admit that on June 29, 2010, Plaintiff filed a regular grievance in which she stated, in part, "I want appropriate response of when my sexual reassignment surgery will take place, due to I have followed requirements my Dr. Codispoti gender specialist." Defendants admit that on July 1, 2010, Dr. Cary wrote a letter to Plaintiff stating, in part, "Lastly, in regards to gender reassignment surgery, I would request that you continue to work with Ms. Lang in individual therapy at this time." Defendants admit that Plaintiff appealed her regular grievance to a Level II respondent who stated, in part, "[i]n regards to treatment for Gender Identity Disorder at Buckingham Correctional Center, the entire mental health staff is comprised of trained and licensed clinicians who are authorized to make decisions regarding your mental health care. You are currently meeting with Ms. Lang on an individual basis. Lastly, in regards to gender reassignment surgery, I would request that you continue to work with Ms. Lang in individual therapy at this time. You have not been scheduled for surgery and have been advised to continue with individual therapy. This issue is governed by restricted policy. If you have any further health issues, you are encouraged to resubmit a sick call request for further evaluation of

your medical needs. There is not violation of policy/procedure regarding this issue.  No further action is needed from this level."

39.     Concerning the allegations in paragraph 39, Defendants lack sufficient information and knowledge to admit or deny whether then-Mental Health Director Robin L. Hulbert received Plaintiff's September 3, 2010, letter.

40.     Defendants admit Plaintiff drafted a letter dated September 17, 2010, addressed to Gerald K. Washington, former Regional Director for the Central Regional Office, which she attached to her June 3, 2011, complaint.  Defendants admit that the letter states, "after each session with her I would experience overwhelming unwanton urges to perform self-surgery." Defendants lack sufficient information and knowledge to admit or deny whether the letter was actually sent to or received by Mr. Washington.

41.     Defendants lack sufficient information and knowledge to admit or deny whether Plaintiff filed an emergency grievance on October 1, 2010, and whether VDOC responded to such a grievance if one was filed.

42.     Defendants lack sufficient information and knowledge to admit or deny whether Plaintiff filed an emergency grievance one week after October 1, 2010, and whether VDOC responded to such a grievance if one was filed.  Defendants admit that on October 8, 2010, medical was called to Plaintiff's housing unit in response to a scrotum laceration that was determined to be self-inflicted with a razor.  Defendants admit that as a result of this injury, Plaintiff required treatment and was transported to the emergency room via ambulance.

43.     Defendants admit Harold Clarke was appointed as new Director of the VDOC on October 8, 2010.  Defendants deny that Director Clarke's prior position as Commissioner of the Massachusetts Department of Corrections made him familiar with issues surrounding the treatment

of inmates diagnosed with GID, as Director Clarke is not a medical doctor.  Defendants admit that the First Circuit upheld the district court's conclusion that "deliberate indifference" has been established with regard to the medical treatment of Sandy Battista, an inmate with the Massachusetts Department of Corrections found to be suffering from GID, in Battista v. Clarke, 645 F.3d 449 (1st Cir. 2011).  Defendants lack sufficient information and knowledge to admit or deny whether Plaintiff wrote Director Clarke in November 2010 to inform him she was not receiving adequate care in compliance with the Settlement Agreement.

44.     Defendants lack sufficient information and knowledge to admit or deny whether Plaintiff made requests for treatment and evaluation after October 8, 2010.  Defendants admit that Plaintiff submitted an informal complaint on November 8, 2010, stating, "per Harry Benjamin Standard of Care for Gender Identity Disorder after two year real life test, final procedure sex reassignment surgery is performed. I[']m being denied sex reassignment surgery."  Defendants admit that Ms. Lang responded to Plaintiff's informal complaint asking Plaintiff to "[p]lease submit your request to Dr. Cary.  Approval or disapproval of your request is beyond the scope of this institution[']s authority."

45.     Defendants lack sufficient information and knowledge to admit or deny whether Plaintiff made a request to either Dr. Cary or Ms. Lang that VDOC follow the [WPATH] Standards of Care treatment procedure.  Defendants deny that Plaintiff was not seen or treated by medical or mental health between November and December 2010.  Defendants deny that Defendants' actions caused Plaintiff to self-mutilate in December 2010.  Defendants admit that Plaintiff was charged on December 22, 2010, with Disciplinary Offense Code 234, self mutilation, and received a penalty of twenty days in isolation.

9

46.     Defendants lack sufficient information and knowledge to admit or deny whether Plaintiff wrote Dr. Cary and/or Dr. Hulbert multiple times regarding her treatment plan.  Defendants lack sufficient information and knowledge to admit or deny whether Dr. Cary and/or Dr. Hulbert provided guidance to Plaintiff in response to letters; however, Defendants state that Dr. Cary always directed Plaintiff to meaningfully participate in her mental health treatment and/or direct correspondence to her therapist.

47.     The statements set forth in paragraph 47 are legal conclusions and are neither admitted nor denied.  To the extent that the statements can be construed as factual allegations, Defendants deny the same and demand strict proof thereof.

48.     Defendants admit that Plaintiff filed a *pro se* lawsuit on June 3, 2011, in federal district court in the Western District of Virginia.  Defendants admit that Plaintiff alleged in her lawsuit that VDOC was deliberately indifferent to her serious medical need because she had not received an evaluation concerning her readiness for sex reassignment surgery.  Defendants admit that Plaintiff alleged in her lawsuit that she suffered from GID and that it caused her to attempt to castrate herself.  Defendants admit that the district court dismissed Plaintiff's case without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

49.     Defendants admit that the Fourth Circuit reversed the district court's decision, concluding that "De'lonta's complaint sufficiently alleges Appellees' deliberate indifference to her serious medical need" and that "Appellees have, at all relevant times, been aware of De'lonta's GID and debilitating effects on her."

50.     Defendants restate their answers to paragraphs 1-49 of the First Amended Complaint, as if fully stated herein.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 51, and in particular, Defendants deny that Plaintiff has been prescribed the treatment of SRS.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants restate their answers to paragraphs 1-55 of the First Amended Complaint, as if fully stated herein.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 60.

61.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 61.

62.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 62.

63.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 63.

64.     Defendants deny each and every allegation not expressly admitted herein.

65.     Defendants demand a jury trial of all issues so triable.

<u>FIRST DEFENSE</u>

Defendants deny that the present action is cognizable under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331(a) and 1343, and 28 U.S.C. § 1367.

<u>SECOND DEFENSE</u>

Defendants deny that Plaintiff has been denied any rights protected by the United States Constitution or any portion of the United States Code.

## THIRD DEFENSE

This Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Defendants deny that Plaintiff has suffered any cognizable injuries or damages as a result of any act or acts on the part of Defendants.

## FIFTH DEFENSE

Defendants allege and aver that, to the extent that Plaintiff has suffered any injuries or damages, such injuries or damages were due to acts or omissions by Plaintiff, or on the part of others not under the control of Defendants, and for whose conduct they are in no wise responsible.

## SIXTH DEFENSE

Defendants deny that Plaintiff has suffered the injuries and damages alleged and call for strict proof thereof.

## SEVENTH DEFENSE

Defendants deny that they are indebted to or liable to Plaintiff in any sum whatsoever.

## EIGHTH DEFENSE

Defendants are immune from suit on this claim based upon the 11th Amendment and the discharge of their official duties.

## NINTH DEFENSE

Defendants are entitled to good faith or qualified immunity.

## TENTH DEFENSE

To the extent that Plaintiff has failed to allege any direct involvement on the part of any of Defendants in any of the acts or omissions complained of, such claims must fail since respondeat superior is not available in an action under 42 U.S.C. § 1983.

ELEVENTH DEFENSE

To the extent that this claim alleges negligence on the part of Defendants, the claim is barred in this Court by the Eleventh Amendment.

TWELFTH DEFENSE

Defendants aver that the Complaint is barred, in part or in whole, by the applicable statute of limitations.

THIRTEENTH DEFENSE

Plaintiff failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

Defendants reserve the right to expand, alter, enlarge, or amend their Answer and Affirmative Defenses at such time as additional information comes to their attention by motions for joinder of additional parties and amendment of pleadings and/or during the discovery process or at trial of this action.

Respectfully submitted,

HAROLD W. CLARKE, FRED SCHILLING, DENISE MALONE, MEREDITH CARY, LARRY EDMONDS, MAJOR C. DAVIS, LISA LANG, & JEENA PORTERFIELD

By: s/  J. Michael Parsons
J. Michael Parsons, AAG II, VSB #68520
Office of the Attorney General
Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  (804) 786-0046
Fax:  (804) 786-4239
jparsons@oag.state.va.us

By: s/  Kate E. Dwyre
Kate E. Dwyre, AAG, VSB #82065
Office of the Attorney General

Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  (804) 786-5630
Fax:  (804) 786-4239
kdwyre@oag.state.va.us

By: s/   James M. Isaacs, Jr.
James M. Isaacs, Jr., AAG, VSB #38232
Office of the Attorney General
Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  (804) 786-0030
Fax:  (804) 786-4239
jisaacs@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of May, 2013, I electronically filed the foregoing

Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system, which

will send a notification of such filing (NEF) to the following CM/ECF participants:

Don Bradford Hardin, Jr., Esq.
Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.
1875 Pennsylvania Avenue, N.W.
Washington, District of Columbia 20006
bradford.hardin@wilmerhale.com

Alan Evan Schoenfeld
Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.
7 World Trade Center
250 Greenwich Street
New York, New York 10007
alan.schoenfeld@wilmerhale.com

Andrew Gale Sokol
Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.
7 World Trade Center
250 Greenwich Street
New York, New York 10007
andrew.sokol@wilmerhale.com

David Sapir Lesser
Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.
7 World Trade Center
250 Greenwich Street
New York, New York 10007
david.lesser@wilmerhale.com

Josephine Morse
Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.
7 World Trade Center
250 Greenwich Street
New York, New York 10007
jodie.morse@wilmerhale.com

Susan S. Friedman
Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.
1875 Pennsylvania Avenue, N.W.
Washington, District of Columbia 20006
susan.friedman@wilmerhale.com

(*Attorneys for Plaintiff*)

and I hereby certify that I have mailed by United States Postal Service the documents to the

following non-CM/ECF participants: N/A.

s/   J. Michael Parsons
J. Michael Parsons, AAG II, VSB #68520
Office of the Attorney General
Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  (804) 786-0046
Fax:  (804) 786-4239
jparsons@oag.state.va.us

s/   Kate E. Dwyre
Kate E. Dwyre, AAG, VSB #82065
Office of the Attorney General
Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  (804) 786-5630

Fax:  (804) 786-4239
kdwyre@oag.state.va.us


s/   James M. Isaacs, Jr.
James M. Isaacs, Jr., AAG, VSB #38232
Office of the Attorney General
Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  (804) 786-0030
Fax:  (804) 786-4239
jisaacs@oag.state.va.us