CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 28 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OPHELIA AZRIEL DE'LONTA, | ) | |
| | ) | Civil Action No. 7:11-cv-00257 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | By: Judge James C. Turk |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Ophelia Azriel De'lonta, an inmate in the custody of the Virginia Department of Corrections ("VDOC"), has been diagnosed with Gender Identity Disorder ("GID"). Although De'lonta was born a biological male, she views herself as a female.[1] As part of the medical treatment provided by VDOC for her GID, De'lonta lives in some respects as a woman in prison and receives female hormone therapy. Despite these treatments, on two occasions in 2010 she attempted to castrate herself. She has filed a declaration with this Court explaining that she "feel[s] tortured by [her] male traits and anatomy" and that she sometimes "experience[s] an overwhelming urge to cut [her]self—specifically on [her] genitals—to end [her] suffering." ECF No. 84 at 1.

Pending before the Court is Plaintiff's motion seeking two different types of relief. ECF No. 81. First, she seeks a preliminary injunction from the Court ordering Defendants to provide her with an "evaluation for readiness for sex reassignment surgery by a competent specialist in the treatment of [GID]." ECF No. 81 at 1. Second, she requests that the Court compel Defendants to make her available to her own expert for a similar medical evaluation, at her own

---

[1] De'lonta was named Michael Stokes when convicted and originally incarcerated. She has since legally changed her name and, as discussed herein, has been permitted to live as a woman within VDOC. The Court adopts the parties' practice of using female pronouns to refer to Plaintiff.

expense, for purposes of this litigation. Id. For the reasons set forth herein, the motion is **GRANTED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**. Specifically, the motion to compel access to Plaintiff is **GRANTED** and the motion for preliminary injunction is hereby **TAKEN UNDER ADVISEMENT.**

I. BACKGROUND[2]

A prior lawsuit instituted by De'lonta was resolved pursuant to a written settlement agreement with VDOC in August 2004. As a result of that settlement, De'lonta began receiving hormone therapy treatment for her GID and has been permitted to live as a woman within the prison environment, in addition to receiving psychotherapy and other treatments. In her Amended Complaint in this case, she asserts two claims against various Defendants who are current or former employees or officials with the Virginia Department of Corrections.[3] ECF No. 67. De'lonta's first claim is brought pursuant to 42 U.S.C. § 1983 and alleges that Defendants have been deliberately indifferent to her serious medical needs, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Id. at 11-12. In essence, she claims that Defendants' failure to have her evaluated for sex reassignment surgery ("SRS") by a physician with expertise in treating GID, and the consequent failure to provide the surgery itself, has violated her constitutional rights. In her second claim, she asserts a breach of contract claim, alleging that Defendants' actions constitute a breach of the 2004 settlement agreement. Id. at 12. She seeks injunctive relief, and also seeks damages against Defendant Clarke. Id. at 12-13.

---

[2] The background of this lawsuit, as well as general information concerning GID, is set forth in some detail in De'lonta v. Johnson, 708 F.3d 520 (4th Cir. 2013). The Court will recite only a portion of that background here.

[3] Defendant Harold Clarke, the Director of the Virginia Department of Corrections, is named in both his individual and official capacities. The remaining Defendants are named only in their official capacities. ECF No. 67 at ¶¶ 14-15.

This Court previously dismissed De'lonta's original *pro se* complaint pursuant to 28 U.S.C. § 1915A, concluding that she had failed to state a claim for relief under Section 1983. Specifically, the Court concluded that because she acknowledged Defendants had been providing treatment for her GID, they had not been deliberately indifferent to her serious medical needs. See generally ECF No. 26 at 7-10; ECF No. 27. De'lonta appealed the dismissal, and the Fourth Circuit reversed in a published opinion. De'lonta v. Johnson, 708 F.3d 520 (4th Cir. 2013). The appellate court reasoned that the case should not have been dismissed because De'lonta had stated a plausible Eighth Amendment claim. In particular, the Fourth Circuit cited favorably to an Eighth Circuit decision which noted that "grossly incompetent or inadequate care can [also] constitute deliberate indifference." Id. at 526 (citing Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010)). The allegations in De'lonta's complaint satisfied this standard, according to the Fourth Circuit. Despite reversing the judgment of dismissal, the appellate court took pains to be "clear about [its] holding[,]" specifically stating that it was not deciding the merits of her claim nor what remedy De'lonta would be entitled to should she prevail. De'lonta, 708 F.3d at 526. Upon remand to this Court, Plaintiff (now with retained counsel representing her), has filed an Amended Complaint asserting both an Eighth Amendment claim and a breach of contract claim. See supra at 2.

As noted, De'lonta has filed a motion for preliminary injunction and a motion to compel, ECF No. 81, with a supporting brief and various exhibits, ECF Nos. 83-87. Defendants have filed a response in opposition, ECF No. 88, and De'lonta has filed a reply. ECF No. 91. Oral argument was heard on the motion on August 26, 2013, ECF No. 92, and it is now ripe for disposition.

II.   ANALYSIS

    A.   **Motion to Compel**

Plaintiff requests that the Court compel Defendants to make her available to be examined and evaluated for SRS by a physician of her own choosing and at her own expense. Defendants' counsel steadfastly maintained at the hearing that Defendants oppose this request, but Defendants have failed to cite to a reasoned legal principle or to a single case where similar discovery has been denied. Indeed, Defendants did not respond at all in their written opposition to the motion to compel access. See generally ECF No. 88.

The Fourth Circuit in this case has made clear that the Plaintiff has stated a claim that is plausible on its face. Under these circumstances, the Court concludes that Plaintiff should be permitted, at her own expense, to obtain an expert evaluation regarding her medical condition. See Silverstein v. Fed. Bureau of Prisons, 2009 WL 1451684, *4 (D. Colo. 2009) (compelling motion to make inmate plaintiff available for medical examination by his own expert and stating that "it is beyond cavil that a plaintiff may retain its own expert medical witness to examine himself and render opinion testimony at trial"); see also De'lonta, 708 F.3d at 526 n.4 ("we struggle to discern how De'lonta could have possibly" proven that she has a medical need for SRS if she has "never [been] allowed to be evaluated by a GID specialist in the first place"). Additionally, Defendants have raised no safety concern or other practical objections to having Plaintiff evaluated at her own expense by a physician of her own choosing, and the Court sees no harm to Defendants from allowing this modest request.

For these reasons, and for the reasons expressed by the Court during the hearing, the Court **GRANTS** De'lonta's motion to compel. VDOC is hereby **ORDERED** forthwith to make De'lonta available at her current place of incarceration for an evaluation and examination by a

physician of her choosing and at her own expense.

### B.   Motion for Preliminary Injunction

Separate and apart from her request to be evaluated by a physician of her own choosing, De'lonta also requests that the court issue a preliminary injunction ordering VDOC to undertake its own evaluation of her readiness for SRS. As the Supreme Court explained in Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008), a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." In order to establish that he is entitled to relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20; see also Dewhurst v. Century Aluminum Co., 649 F.3d 287 (4th Cir. 2011) (discussing and applying Winter standard). Notably, the Supreme Court made clear in Winter that "a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury." 555 U.S. at 22. This is so because if a possibility of irreparable harm were sufficient, it would conflict with the "characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. (citation omitted).

Even assuming that Plaintiff could show she is likely to succeed on the merits, and could establish the other factors for obtaining a preliminary injunction, she has not shown a likelihood of irreparable harm at this time. In particular, the Court's ruling on her motion to compel now means that Plaintiff will have an evaluation for SRS, albeit at her own expense. Additionally, Defendants' counsel indicated at the hearing that if the Court allowed Plaintiff to be evaluated at her own expense, the state would very likely have her evaluated for SRS by a physician of its

5

choosing, as well. If that occurs, her current request for injunctive relief may well be moot. In light of these factual developments, the Court defers ruling on the motion for preliminary injunction at this time, and will instead take the motion under advisement.

The parties are further **ORDERED** to provide a joint report to the Court not later than 60 days from entry of this Order, providing information on the progress of the evaluation or evaluations of Plaintiff.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel access to Plaintiff is **GRANTED** and her motion for preliminary injunction is **TAKEN UNDER ADVISEMENT**. The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTER: This 28th day of August, 2013.

James C. Turk
Senior United States District Judge